DAVID A. HUBBERT
Deputy Assistant Attorney General

CHARLES M. DUFFY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6406
Facsimile:  (202) 307-0054
charles.m.duffy@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE (IN HER INDIVIDUAL CAPACITY and AS TRUSTEE OF THE NANCY SUSAN SCHAEDLER TRUST JULY 17, 2016); SAN DIEGO COUNTY DISTRICT ATTORNEY (BUREAU OF CHILD SUPPORT ENFORCEMENT); THERESA SCHARRINGHAUSEN; ELIZABETH SHUTTERS, INC.; 2021 INC.; ROBERT MAXIMILLIAN MOORE; YGRENE ENERGY FUND INC.; CAVALRY SPV I, LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD; and JG WENTWORTH HOME LENDING, LLC.<br><br>Defendants. | CIVIL No. **'24CV0978 W    AHG**<br><br>COMPLAINT |

15993880.1

COMES NOW the United States of America, by its undersigned attorneys, complains and alleges as follows:

## INTRODUCTION, JURISDICTION, AND VENUE

1. This is a civil action to foreclose federal tax liens against the real property that is identified below, with the net proceeds distributed by court order to the United States and the defendants that are entitled to such proceeds.

2. The federal liens arose based on tax assessments made by the Internal Revenue Service ("IRS") against Robert Michael "Buzz" Scharringhausen (hereafter "the taxpayer").

3. The federal tax liens attached to the real property identified below when it was purchased by the taxpayer on January 14, 2008, and the liens remain attached even though the taxpayer thereafter transferred the property to others.

4. This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

5. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1340 and 1345.

6. Venue properly lies in this judicial district where the subject real property is located pursuant to 28 U.S.C. §§ 1391 and 1396.

## IDENTIFICATION OF THE REAL PROPERTY

7. The real property sought to be foreclosed is located at 1137 Columbus Way, Vista, California 92081 (hereafter the "real property") and is legally described as follows:

> Lot 5 of Vista Tract 78-28, in the City of Vista, County of San Diego, State of California, according to Map thereof No. 10124, filed in the Office of the County Recorder of San Diego County, June 17, 1981. Except therefrom all oil, gas, minerals, and other hydrocarbon substances lying below the surface

15993880.1

of said land, but with no right of surface entry, as provided in the deeds of record.

## IDENTIFICATION OF DEFENDANTS

8. Nancy Schaedler-Moore is named in her individual capacity as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property.

9. Nancy Schaedler-Moore is also named as a defendant in her capacity as the Trustee of the Nancy Susan Schaedler-Moore Trust July 17, 2016 – which also may claim an interest in the real property pursuant to 26 U.S.C. § 7403(b).

10. The San Diego County District Attorney (Bureau of Child Support Enforcement) is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

11. Based on information and belief, Theresa Scharringhausen and the taxpayer were once married. Theresa Scharringhausen is named as a defendant pursuant to 26 U.S.C. § 7403(b) to the extent that she is owed amounts for child support based on applicable and valid recordings made with the San Diego County Recorder's Office.

12. Elizabeth Shutters, Inc. is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

13. 2021 Inc. is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

14. Robert Maximilian Moore is named as a defendant pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property.

15. Ygrene Energy Fund Inc. ("Ygrene") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

15993880.1

16. Cavalry SPV I, LLC is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

17. The State of California Franchise Tax Board is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

18. JG Wentworth Home Lending, LLC ("JG Wentworth") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property.

**THE TAX LIENS THAT AROSE FROM THE ASSESSMENTS**

19. Federal tax and related assessments for the taxpayer's 1991 income tax year were made against him by the IRS on October 18, 1993.

20. Assessments under 26 U.S.C. § 6672 for periods ending December 31, 1990 and September 30, 1991 were made against the taxpayer by the IRS on March 26, 1993.

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments described in paragraphs 19 and 20, above (hereafter "the IRS assessments"), liens arose in favor of the United States and attached to all property and rights to property of the taxpayer.

22. The IRS recorded notices of federal tax liens ("NFTL's) with the San Diego County Recorder's office relating to the IRS assessments.

23. On March 26, 1993, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending December 31, 1990.

24. On March 26, 1993, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS

15993880.1

assessment made under 26 U.S.C. § 6672 for the period ending September 30, 1991.

25. On August 29, 1996, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessments made under 26 U.S.C. § 6672 for the periods ending December 31, 1990 and September 30, 1991 and the IRS income tax assessment for the 1991 income tax year.

26. On March 14, 2003, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending December 31, 1990.

27. On March 14, 2003, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending September 30, 1991.

28. On March 14, 2003, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessments made under 26 U.S.C. § 6672 for the periods ending December 31, 1990 and September 30, 1991, and the IRS income tax assessment for the 1991 income tax year.

29. On February 22, 2013, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending December 31, 1990.

30. On March 6, 2013, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessments made under 26 U.S.C. § 6672 for the periods ending December 31,

15993880.1

1990 and September 30, 1991 and the IRS income tax assessment for the 1991 income tax year.

31. On March 6, 2013, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending September 30, 1991.

32. On October 24, 2022, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending December 31, 1990.

33. On October 24, 2022, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS assessment made under 26 U.S.C. § 6672 for the period ending September 30, 1991.

34. On February 10, 2023, the IRS recorded an NFTL with the San Diego County Recorder's Office that named the taxpayer and set forth the IRS income tax assessment for the 1991 income tax year.

**A TAX JUDGMENT AGAINST THE TAXPAYER AND IN FAVOR OF THE UNITED STATES WAS RECENTLY RENEWED**

35. The IRS assessments for income tax owed for 1991 and 26 U.S.C. § 6672 penalties owed for the periods ending December 31, 1990 and September 30, 1991, plus one additional assessment – the Federal tax and related assessments for the taxpayer's 1992 income tax year – were at issue in *United States v. Robert Michael "Buzz" Scharringhausen*, case number 03-CV-0551-W-RBB (S.D.Cal.) (hereafter "case number 03-0551").

36. The complaint in case number 03-0551 was filed on March 20, 2003, within the collection statute of limitations for the IRS assessments for income tax

15993880.1

1 owed for 1991 and section 6672 penalties owed for the periods ending December 31, 1990 and September 30, 1991.

37. The taxpayer was a defendant in case number 03-0551.

38. In the complaint filed in case number 03-0551, the United States requested the entry of a judgment against the taxpayer based on the assessments at issue therein.

39. The amount of the judgment sought by the United States in case number 03-0551 was $468,832.00, plus accrued interest.

40. On November 6, 2003, a judgment was entered in case number 03-0551 in favor of the United States and against the taxpayer in the amount of $488,307.96 for the assessments at issue therein, plus interest from November 1, 2003 (hereafter "the judgment").

41. A true and correct copy of the judgment is attached hereto as Exhibit A.

42. An abstract of the judgment was recorded with the San Diego County Recorder's Office on August 12, 2004, and referenced "Robert Michael Scharringhausen" as the party against whom the judgment was obtained.

43. A true and correct copy of the abstract of judgment referenced in the immediately preceding paragraph is attached hereto as Exhibit B.

44. A second abstract of the judgment was recorded with the San Diego County Recorder's Office on March 1, 2005, and referenced "Robert Michael 'Buzz' Scharringhausen" as the party against whom the judgment was obtained.

45. A true and correct copy of the second abstract of judgment referenced in the immediately preceding paragraph is attached hereto as Exhibit C.

46. On October 30, 2023, the District Court in case number 03-0551 ordered the renewal of the judgment liens for an additional twenty years until

15993880.1

August 12, 2044, in the sum of $488,307.96, plus accruals and statutory interest, less any payments.

47. A true and correct copy of the October 30, 2023 Order referenced in the immediately preceding paragraph is attached hereto as Exhibit D.

48. In its order of October 30, 2023, entered in case number 03-0551, the District Court also substituted the taxpayer's estate as the proper party since the taxpayer had passed away.

49. On December 13, 2023, a Renewed Abstract of Judgment Notice regarding the judgment entered in case number 03-0551 was recorded with the San Diego County Recorder's Office.

50. A true and correct copy of the Renewed Abstract of Judgment Notice referenced in the immediately preceding paragraph is attached hereto as Exhibit E.

## THE REAL PROPERTY

51. The taxpayer purchased the real property on January 14, 2008, after the tax assessments at issue had been made against him and after NFTLs regarding those assessments had been recorded.

52. On January 14, 2008, a Grant Deed relating to the taxpayer's purchase of the real property was recorded with the San Diego County Recorder's Office.

53. A true and correct copy of the Grant Deed recorded on January 14, 2008, with the San Diego County Recorder's Office is attached hereto as Exhibit F.

54. On January 24, 2001, the San Diego County District Attorney (Bureau of Child Support Enforcement) recorded an "Abstract of Support Judgment" with the San Diego County Recorder's office that possibly relates to child support payments owed by the taxpayer by Theresa Scharringhausen.

55. On January 14, 2008, a Deed of Trust in favor of Wachovia Mortgage, FSB ("Wachovia") and that identified the real property was recorded with the San Diego County Recorder's office ("the Wachovia Deed of Trust").

56. Wells Fargo Bank, N.A. ("Wells Fargo") – the successor to Wachovia – released the Wachovia Deed of Trust through its "Substitution of Trustee and Full Reconveyance" recorded on August 28, 2019, with the San Diego County Recorder's office.

57. On January 15, 2008, a Quitclaim Deed purporting to transfer the real property from the taxpayer to IDC Majagual USA, Inc., a California Corporation ("IDC Majagual") was recorded with the San Diego Recorder's Office.

58. The taxpayer incorporated IDC Majagual in 2007 in California.

59. On March 14, 2008, Elizabeth Shutters Inc. recorded a "Claim of Mechanic's Lien" with the San Diego County recorder's office that named the taxpayer.

60. On April 24, 2012, a Quitclaim Deed purporting to transfer a fifty (50) percent interest in the real property from IDC Majagual to Nancy Schaedler-Moore was recorded with the San Diego County Recorder's office.

61. On August 28, 2013, a Quitclaim Deed purporting to transfer the real property from the taxpayer to Nancy Schaedler-Moore was recorded with the San Diego County Recorder's office.

62. On August 28, 2013, a Quitclaim Deed purporting to transfer the real property from IDC Majagual to Nancy Schaedler-Moore was recorded with the San Diego County Recorder's office.

63. On February 12, 2015, Calvary SPV I, LLC recorded an Abstract of Judgment against the taxpayer with the San Diego County Recorder's office.

64. On December 3, 2015, a Deed of Trust with Assignment of Rents that named 2021 Inc. as beneficiary and that identified the real property ("the first 2021 Inc. deed of trust") was recorded with the San Diego County Recorder's office.

65. 2021 Inc. was incorporated by Nancy Schaedler-Moore in 2014.

66. On December 28, 2015, a Deed of Trust with Assignment of Rents that named Robert Maximilian Moore as beneficiary and that identified the real property ("the Robert Maximilian Moore deed of trust") was recorded with the San Diego County Recorder's office.

67. Based on information and belief, Nancy Schaedler-Moore and Robert Maximilian Moore are related.

68. Based on information and belief, Robert Maximilian Moore is the son of Nancy Schaedler-Moore.

69. On February 11, 2016 and June 9, 2016, Ygrene recorded Notices of Special Tax Lien with the San Diego County Recorder's office that referenced the property.

70. On March 24, 2016, a "Short Form Deed of Trust and Assignment of Rents" that named 2021 Inc. as beneficiary and that identified the real property ("the second 2021 Inc. deed of trust") was recorded with the San Diego County Recorder's office.

71. On October 23, 2017, a "Short Form Deed of Trust and Assignment of Rents" that named 2021 Inc. as beneficiary and that identified the real property ("the third 2021 Inc. deed of trust") was recorded with the San Diego County Recorder's office.

72. On August 9, 2018, the State of California Franchise Tax Board recorded a Notice of State Tax Lien with the San Diego County Recorder's office that referenced the taxpayer.

73. On January 15, 2020, a Deed of Trust in favor of JG Wentworth that identified the real property was recorded with the San Diego County Recorder's office ("the JG Wentworth Deed of Trust").

74. The JG Wentworth Deed of Trust purported to secure a loan from JG Wentworth to Nancy Schaedler-Moore.

75. On June 1, 2020, a Quitclaim Deed purporting to transfer the real property from Nancy Schaedler-Moore to Nancy Schaedler-Moore, Trustee of the Nancy Susan Schaedler-Moore Trust July 17, 2016 was recorded with the San Diego County Recorder's office.

76. On July 22, 2021, an agreement to subordinate the first 2021 Inc. deed of trust in the real property in favor of J.G. Wentworth was recorded with the San Diego County Recorder's office.

77. On July 22, 2021, an agreement to subordinate the second 2021 Inc. deed of trust in the real property in favor of J.G. Wentworth was recorded with the San Diego County Recorder's office.

78. On July 22, 2021, an agreement to subordinate the third 2021 Inc. deed of trust in the real property in favor of J.G. Wentworth was recorded with the San Diego County Recorder's office.

79. On July 22, 2021, an agreement to subordinate the Robert Maximilian Moore deed of trust in the real property in favor of J.G. Wentworth was recorded with the San Diego County Recorder's office.

## COUNT I:  FORECLOSE FEDERAL
## TAX LIENS AGAINST THE REAL PROPERTY

80. The United States incorporates by reference the allegations contained in paragraphs 1 through 79, above.

81. The aggregate balance owed on the IRS assessments for the income tax owed for 1991 and section 6672 penalties owed for the periods ending December 31, 1990 and September 30, 1991 is $1,275,206.45, as of May 31, 2024, plus interest accruing thereafter.

82. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the IRS assessments, liens arose in favor of the United States and attached to all property and rights to property of the taxpayer, including the real property.

15993880.1

83. The United States has recorded its notices of its federal tax liens arising from the IRS assessments with the San Diego County Recorder's office starting on March 26, 1993.

84. The defendants had public notices of the federal tax liens recorded starting on March 26, 1993 that arose based on the IRS assessments.

85. When the taxpayer purchased the real property January 14, 2008, the federal tax liens arising from the IRS assessments attached to that property.

86. The federal tax liens arising from the IRS assessments remain attached to the real property.

87. Any and all transfers related to the real property after January 14, 2008 were made subject to the federal tax liens.

88. The United States, by operation of its federal tax liens arising from the assessments, has the first priority interest in the real property.

89. Pursuant to 26 U.S.C. § 7403, the United States is entitled to a Decree of Foreclosure and Sale of the real property to enforce the federal tax liens arising from the assessments with the proceeds to be applied against such liabilities.

WHEREFORE, plaintiff, the United States of America, respectfully prays:

A. That the Court order that the federal tax liens identified above that arose based on the IRS assessments be foreclosed against the real property, that the property be sold and that the sales proceeds be distributed to the United States and in accordance with the Court's findings in accordance with the lawful priorities of the parties; and

15993880.1

B. That the Court order that the United States be awarded its costs and such other and further relief as the Court deems just and proper.

Respectfully submitted this <u>4th</u> day of June, 2024.

DAVID A. HUBBERT
Deputy Assistant Attorney General

<u>/s/ Charles M. Duffy</u>
CHARLES M. DUFFY
Trial Attorney, Tax Division
U.S. Department of Justice

(Attorneys for the United States)

15993880.1