UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  24-CV-978 W (AHG)<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 52]** |

　　　　Pending before the Court is McLaughlin Legal, APC's ("McLaughlin") motion to withdraw as attorney of record for Defendant, Nancy Schaedler-Moore.  The Court decides the matter on the papers submitted and without oral argument.  *See* CivLR 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** the motion [Doc. 52].

**I.　Factual Background**

　　　　On June 4, 2024, Plaintiff, the United States of America, filed a Complaint against Nancy Schaedler-Moore and other defendants with potential property interests in 1137 Columbus Way, Vista, California 92081 ("the Property").  (*Compl.* [Doc. 1].)  Plaintiff

1

alleged that the Property was burdened by IRS recorded notices of federal tax liens ("NFTLs") based on tax assessments made against a taxpayer who previously purchased the Property. (*Id.* at 4, ¶¶ 19–22.)  Based on the NFTLs, Plaintiff moved to foreclose on the Property. (*Id.* at 11–12, ¶¶ 80–89.)

On July 17, 2024, Ms. Moore answered the Complaint and filed counterclaims and cross-claims. (*Answer* [Doc. 6].)  Plaintiff answered the counterclaims, and on August 16, 2024, moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (*Mtn. Judg. Plead.* [Doc. 21].)  That motion was granted [Doc. 37], and Ms. Schaedler-Moore's counterclaims were dismissed.

McLaughlin now moves to withdraw as attorney of record for Ms. Schaedler-Moore. (*Mtn.* [Doc. 52].)  On February 26, 2025, this Court issued an order setting a briefing schedule on the motion to withdraw. (*Scheduling Order* [Doc. 53].)  The Order required any opposition to the motion to withdraw to be filed by March 7, 2025, and any reply to be filed by March 14, 2025. (*Id.* at 1:19–21.)  It also required McLaughlin to file a declaration confirming the Order was served on Ms. Schaedler-Moore. (*Id.* at 1:22–23.)

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); CivLR 83(3)(f)(3).  "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).  Factors considered in evaluating the motion are "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D.

Cal. Oct. 14, 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-06599, 2009 WL 89141, at *1 (E.D. Cal. Jan 14, 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under the California professional conduct rules, an attorney may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b).

## III. ANALYSIS

McLaughlin asserts that good cause exists to withdraw from representing Ms. Schaedler-Moore because there has been a breakdown in the attorney-client relationship. (*Mtn.* at 3, ¶ 1) ("Here, NANCY SCHAEDLER-MOORE and the undersigned counsel have irreconcilable differences and continuing representation is not feasible under these circumstances."). Specifically, McLaughlin asserts the client:

- Relationship has dissolved, and "the tone and nature of interactions, including antagonistic communications, have made it difficult to maintain the level of collaboration necessary. . . ." (*Id.* at 4, ¶ 6.)
- Has maintained an "insistence on unintelligible courses of action with which the undersigned counsel are uninformed, fundamentally disagree with, and/or that raise concerns regarding their legality and appropriateness." (*Id.* at 6, ¶ 9.)
- Has failed "to cooperate in the preparation and completion of initiation disclosures as required under Fed. R. Civ. P. 26(a)(1)." (*Id.* at 6, ¶ 10(a).)
- Has failed to pay for legal services. (*Id.* at 7, ¶ 10(b).)
- Has "thus far failed to cooperate in the production and response to the UNITED STATES OF AMERICA's discover requests." (*Id.* at 8, ¶ 10(c).)

- Has "become combative and hostile in communications with the undersigned counsel and continues making unfounded accusations and negative insinuations." (*Id.* at 8, ¶ 10(d).)
- Has "communicated directly with an opposing party against advice [of counsel] . . . and communicated directly with this Court against advice [of counsel] . . . ." (*Id.* at 9, ¶ 10(e)–(f).)

Additionally, McLaughlin represents that Ms. Schaedler-Moore has been provided with all necessary client materials throughout their representation, including: (1) copies of all correspondence between McLaughlin, Ms. Schaedler-Moore, and other related parties; (2) invoices, the attorney-client agreement, and consultation notes; (3) copies of all documents provided by Ms. Schaedler-Moore to McLaughlin; (4) notes and research materials, including drafts of motions; (5) discovery requests; (6) a comprehensive timeline of key case events and deadlines; (7) documents and other items related to the Court's Early Neutral Evaluation Conference and settlement negotiations; and (8) pleadings and other filings submitted through PACER and the Court's CM/ECF system. (*Id.* at 10, ¶ 13.)

Ms. Schaedler-Moore responded to the motion to withdraw, but has not opposed. (*Reply* [Doc. 56] at 28:2–8) ("DEFENDANT respectfully requests that the Court . . . Grant Motion to Withdraw contingent on a 90 day stay of all case activity to allow DEFENDANT to find new counsel . . . ."). Ms. Schaedler-Moore's response highlights a breakdown in the attorney-client relationship, consistent with McLaughlin's assertions that representing her is no longer reasonable. (*Reply* at 11:18–25) ("McLaughlin never made these points, and it appeared to Ms. Moore that he was trying to omit facts to support the opposing parties [*sic*] position."); (*id.* at 12:2–4) ("McLaughlin discusses advocacy, but Ms. Moore did not see McLaughlin acting as her advocate."); (*id.* at 12:20–23) ("McLaughlin's December and January invoices billed Ms. Moore for a worthless ENE and an incomplete and untimely interlocutory appeal and research for the

same. Why wasn't the appeal done? Ms. Moore was distraught and became overwhelmed and 'emotionally and physically paralyzed.'").

Based on McLaughlin's and Ms. Schaedler-Moore's representations, the Court finds there has been a breakdown in the attorney-client relationship, rendering representation unreasonable. Further, the case is still early in discovery, so withdrawal will not harm the administration of justice or unreasonably delay resolution of the case. These factors weigh in favor of permitting McLaughlin to withdraw as Ms. Schaedler-Moore's counsel.

However, despite an apparent agreement about McLaughlin's withdrawal, Ms. Schaedler-Moore points out that she will be prejudiced because it will be difficult to obtain new representation given the current case deadlines. (*Reply* at 15:20–22) ("The foregoing schedule, with a deadline to submit experts in 64 days, is **INSUFFICIENT TIME**. An attorney needs time to review the mess and see how to amend the answer, etc."). She also points out that finding a new attorney will impose a financial burden given the current case deadlines. (*Id.* at 15:23–26) ("Financially, this will be a strain as Ms. Moore has spent a great deal for legal fees for McLaughlin to date, and unless she gets a job, she will continue to have to liquidate her savings. . . ."). Ms. Schaedler-Moore also represents that she is currently looking for new counsel to represent her. (*Id.* at 27:10–13.)

Based on these representations, the Court agrees that a 30-day continuance of all case deadlines is appropriate to give Ms. Schaedler-Moore additional time to acquire another attorney. No further delays will be permitted.

### IV. CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** McLaughlin's motion to withdraw as attorney of record for Ms. Schaedler-Moore [Doc. 52] and **ORDERS** as follows:

- McLaughlin shall serve a copy of this order on Ms. Schaedler-Moore and shall file the proof of service.
- On or before **March 31, 2025**, Ms. Schaedler-Moore shall file a notice with this Court confirming the mailing address for service of process.
- In light of this order, the Court **CONTINUES** all current case deadlines by 30 days to give Ms. Schaedler-Moore more time to acquire an attorney.

**IT IS SO ORDERED.**

Dated: March 17, 2025

Hon. Thomas J. Whelan
United States District Judge