UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE et al.,<br><br>                             Defendants. | Case No.: 24-CV-978-W-AHG<br><br>**ORDER: (1) GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL [DOC. 82]; (2) GRANTING MOTION TO TERMINATE REPRESENTATION [DOC. 83]; AND (3)** *SUA SPONTE* **AMENDING BRIEFING SCHEDULE ON MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 77]** |

     Before the Court are Samuel D. Brotman's motion to withdraw as attorney of record for Defendant Nancy Schaedler-Moore (*Mtn. Withdraw* [Doc. 82]), and Ms. Schaedler-Moore's motion to terminate Mr. Brotman's representation and proceed *pro se*. (*Mtn. Terminate* [Doc. 83].) The hearing date set for November 5, 2025, is **VACATED**[1].

---

[1] In light of Ms. Schaedler-Moore's motion, the Court finds good cause to decide the unopposed motions before the hearing date.

The Court decides these matters on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motions are **GRANTED**. Additionally, the Court *sua sponte* **AMENDS** the briefing schedule on the pending motion for judgment on the pleadings (*Mtn. Judg. Plead.* [Doc. 77]), as set forth below.

## I.     BACKGROUND

On June 4, 2024, Plaintiff United States of America filed a complaint against Ms. Schaedler-Moore and other defendants with alleged property interests in 1137 Columbus Way, Vista, California 92081 ("the property"). (*Compl.* [Doc. 1].) Plaintiff alleged that the property was burdened by IRS recorded notices of federal tax liens ("NFTLs") based on tax assessments made against a taxpayer who previously purchased the property. (*Id.* at 4.) Based on the NFTLs, Plaintiff moved to foreclose on the property. (*Id.* at 11-12.)

On July 17, 2024, Ms. Schaedler-Moore answered the complaint and filed counterclaims and cross-claims. (*Answer* [Doc. 6].) Plaintiff answered the counterclaims, and moved for a judgment on the pleadings on August 16, 2024, under Federal Rule of Civil Procedure 12(c). (*Mtn. Judg. Plead.* [Doc. 21].) Plaintiff's motion was granted [Doc. 37], and Ms. Schaedler-Moore's counterclaims were dismissed. The following year, on February 26, 2025, Ms. Schaedler-Moore's attorneys filed a motion to withdraw as counsel due to a breakdown in the attorney-client relationship. (*Mtn. Withdraw* [Doc. 52].) The Court granted the motion [Doc. 57]. On April 29, 2025, Plaintiff filed a motion for summary judgment against Ms. Schaedler-Moore[2]. (*Mtn. Summ. Judg.* [Doc. 64].) Shortly thereafter, Ms. Schaedler-Moore's obtained new counsel, attorney Samuel D. Brotman. (*Ntc. of Appear.* [Doc. 69].)

On September 5, 2025, Defendant Freedom Mortgage Corporation ("FMC") filed a motion for judgment on the pleadings as to Ms. Schaedler-Moore. (*Mtn. Judg. Plead.*

---

[2] On September 16, 2025, the Court granted Plaintiff's motion for summary judgment against Ms. Schaedler-Moore. (*Order* [Doc. 78].)

[Doc. 77].) On October 2, 2025, Ms. Schaedler-Moore's counsel, Mr. Brotman, filed a response to FMC's motion, stating that Ms. Schaedler-Moore does not oppose the motion. (*Mtn. Judg. Plead. Response* [Doc. 80].) The response does not contain any substantive information or argument. (*Id*.)

Mr. Brotman now moves to withdraw as attorney of record for Ms. Schaedler-Moore. (*Mtn.* [Doc. 82].) Mr. Brotman explains that the motion is at the request of Ms. Schaedler-Moore. (*Id.*) This is consistent with Ms. Schaedler-Moore's motion to terminate Mr. Brotman's representation and proceed *pro se*. (*Mtn. to Terminate* [Doc. 83].) In Ms. Schaedler-Moore's motion, she explains that Mr. Brotman's response to FMC's motion leaves room for misinterpretation, and "[i]mmediate action is required to protect her legal rights and to correct the record regarding her position in this matter." (*Id*. at 2.)

## II.  LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); CivLR 83(3)(f)(3). "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-06599, 2009 WL 89141, at *1 (E.D. Cal. Jan 14, 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney

withdrawal). Under the California professional conduct rules, an attorney may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b).

### III. ANALYSIS

Ms. Schaedler-Moore asserts that good cause exists to terminate Mr. Brotman's representation in order to protect her legal rights. (*Mtn. to Terminate* at 1-2.) It appears that a fundamental disagreement arose from Mr. Brotman's response to FMC's motion for judgment on the pleadings as to Ms. Schaedler-Moore, and she now seeks to "correct the record." (*Id*. at 2.) In support of her motion, Ms. Schaedler-Moore cites email correspondence between herself and counsel. (*Id*. at 3.) For example, on October 4, 2025, counsel wrote "[p]lease file the motion to terminate us as counsel and proceed. Happy to help in any way we can." (*Id*.) Likewise, in an email from October 5, 2025, counsel stated "[i]f you want to file something that terminates us as counsel, I'm ok with that too." (*Id*.)

Based on the above, the Court finds that both Mr. Brotman and Ms. Schaedler-Moore wish to terminate the attorney-client relationship. Their motions and representations indicate that there has been a breakdown in the attorney-client relationship. Moreover, it does not appear that Mr. Brotman's withdrawal or termination will cause any prejudice, harm, or undue delay in this matter. Accordingly, these factors weigh in favor of permitting Mr. Brotman to withdraw as Ms. Schaedler-Moore's attorney of record.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Mr. Brotman's motion to withdraw as attorney of record for Ms. Schaedler-Moore [Doc. 82] and Ms. Schaedler-Moore's motion to terminate Mr. Brotman's representation and proceed *pro se* [Doc. 83]. The Clerk shall terminate Mr. Brotman as attorney of record, and update the docket to

reflect Ms. Schaedler-Moore's *pro se* status. Additionally, the Court **ORDERS** the following:

(1) Mr. Brotman shall serve a copy of this order on Ms. Schaedler-Moore at his earliest convenience and file the proof of service;

(2) No later than **October 21, 2025**, Ms. Schaedler-Moore shall file a motion for leave to electronically file documents with her current mailing address, email address, and phone number; and

(3) No later than **October 28, 2025**, Ms. Schaedler-Moore shall file an amended opposition to FMC's motion for judgment on the pleadings [Doc. 77]. An amended reply, if any, shall be filed no later than **November 4, 2025**.

**IT IS SO ORDERED.**

Dated: October 14, 2025

Hon. Thomas J. Whelan
United States District Judge