UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE, et al.,<br><br>Defendants. | Case No.:  24-cv-978-W-AHG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO JOIN PARTIES [DOC. 120]** |

Before the Court is Defendant Nancy Schaedler-Moore's ("Ms. Schaedler-Moore") motion to join Westcor Land Title Insurance Company ("Westcor") and Fidelity National Title Company ("Fidelity") under 26 U.S.C. § 7403(b) and Federal Rule of Civil Procedure 19(a). (*Mtn.* [Doc. 120].) Freedom Mortgage Corporation ("Freedom") and Plaintiff the United States ("Plaintiff") filed responses in opposition. (*Freedom Opp'n* [Doc. 142], *Gov. Opp'n* [Doc. 143].) Ms. Schaedler-Moore filed a reply[1] (*Reply* [Doc. 151].)

---

[1] Ms. Schaedler-Moore raises several new arguments in her reply regarding Federal Rules of Civil Procedure 14, 20, and 21. (*See Reply*.) "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir.2007). Accordingly, the Court declines to consider them.

1

24-cv-978-W-AHG

The Court decides the matter of the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons provided below, the Court **DENIES** Ms. Schaedler-Moore motion to join parties.

## I.    PROCEDURAL BACKGROUND

This matter was initiated by Plaintiff to foreclose federal tax liens on real property located at 1137 Columbus Way, Vista, California, 92081 ("the property"). (*Complaint* [Doc. 1].) Plaintiff alleged that the property was burdened by IRS recorded notices of federal tax liens ("NFTLs") arising from tax assessments made against a taxpayer who previously purchased the property. (*Id*. at 4-6.) Ms. Schaedler-Moore, who later acquired the property by quitclaim deed, was named as a Defendant who may claim an interest in the property, along with JG Wentworth Home Lending, LLC ("JG Wentworth"), and several others. (*Id*. at 3-4, 9) During this matter, Freedom was substituted in place of JG Wenworth after the beneficial interest in the subject deed of trust was transferred to Freedom. (Docs. 23, 31.)

In response to the complaint, Ms. Schaedler-Moore asserted counterclaims and cross-claims, including a claim for quiet title against Plaintiff and Freedom and others, as well as statutory damages against Plaintiff. (*Cross-claim* [Doc. 6] at 7-10.) The Court has since resolved claims asserted by and against Plaintiff, including granting Plaintiff's motion for judgment on the pleadings as to Ms. Schaedler-Moore's counterclaims (Docs. 21, 37), entering default judgment against several defendants (Docs. 36, 39, 44, 48, 49), and granting summary judgment against Ms. Schaedler-Moore, which ordered foreclosure of the property to satisfy the federal tax liens (Docs. 64, 78, 79).[2]

---

[2] Ms. Schaedler-Moore, now proceeding *pro se*, has since filed a motion to alter/amend the Court's summary judgment order, which is also currently pending. (Doc. 91.)

24-cv-978-W-AHG

Now before the Court is Ms. Schaedler-Moore's motion to join Westcor Land Title Insurance Company and Fidelity National Title Company under 26 U.S.C. § 7403(b) and Federal Rule of Civil Procedure 19(a). (*See Mtn.*) The Court considers the motion below.

## II.    <u>LEGAL STANDARD</u>

26 U.S.C. § 7403(b) states that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." 26 U.S.C. § 7403(b). Under Rule 19, a party is "required" if: (1) complete relief cannot be granted in the party's absence; or (2) the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 880 (9th Cir.2004) (quoting Fed.R.Civ.P. 19(a)). Such a legally cognizable interest "must be more than a financial stake . . . and more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d at 555, 558 (9th Cir.1990).

Under Rule 19(a)(1)(B)(i), an absent party is necessary if it "has a *legally protected interest* in the suit" and "that interest will be *impaired or impeded* by the suit." *Makah*, 910 F.2d at 558 (emphasis in original). "Impairment may be minimized if the absent party is adequately represented in the suit." *Id*. It is also a "fundamental principle" that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir.2002).

Alternatively, under Rule 19(a)(1)(B)(ii), an absent party is also necessary if there is a potential risk that adjudicating an action without the absent party could leave an existing party open to "incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a)(1)(B)(ii). The Ninth Circuit has stated that

"[i]nconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply

24-cv-978-W-AHG

> with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Cahill Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir.2008) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998)).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Equal Emp't Opportunity Comm'n v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir.2005). Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. *See id.* (citing Fed.R.Civ.P. 19(a); *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir.1986)).

## III.   **DISCUSSION**

Ms. Schaedler-Moore argues that Westcor and Fidelity are required parties who must be joined to this case "so that all interests can be adjudicated in a single proceeding." (*Mtn.* at 2.) She contends that both entities possess contractual interests arising out of the 2019 refinance because Westcor issued the title insurance policy and/or closing protection letter(s), and Fidelity acted as trustee on the deed of trust that secured the refinance. (*Mtn.* at 1-4.) According to Ms. Schaedler-Moore, the escrow and closing procedures were intended to "ensure clean title and first-priority lien status," and the entities' contractual roles allegedly create indemnity obligations, subrogation and reimbursement rights, and interests in lien validity, priority, and enforcement. (*Id.* at 1-5.) She maintains that without Westcor and Fidelity's participation, this case cannot be fully resolved and warns that foreclosure judgment issued in their absence would "misallocate loss, leave the indemnity channel unresolved, and virtually guarantee separate, later litigation about the same transactions." (*Mtn. P's and A's* [Doc. 120-1] at 5.)

24-cv-978-W-AHG

Freedom, by contrast, argues that joinder is improper because Westcor and Fidelity have no claim or interest in the property, and therefore, they are not required parties. (*Freedom Opp'n* at 3.) Freedom emphasizes that any contractual obligations those entities may owe, to Freedom or others, are not in dispute in this action. (*Freedom Opp'n* at 3.) Although Freedom acknowledges that it benefits from the ATLA loan policy, it does not seek to litigate that policy here, nor does it contend that resolution of this case requires adjudication of indemnity or coverage issues. (*Id*.) Freedom further argues that indemnity rights are not necessary to the entry of judgment, as this case concerns Plaintiff's efforts to foreclose on the property, not the allocation of contractual loss among other parties. (*Id*.)

Plaintiff likewise argues that Westcor and Fidelity are not required parties because the entities could not have a claim to the property or have any interest in it[3]. (*Gov. Opp'n* at 3.) Plaintiff notes that Ms. Schaedler-Moore's remaining crossclaim seeks to quiet title only as to the existing defendants and provides no basis for naming Westcor or Fidelity as parties. (*Id*. at 4.) Instead, Plaintiff contends that Ms. Schaedler-Moore is attempting to use joinder to pursue speculative indemnity or contract-based relief, which is improper in this foreclosure action. (*Id*.) Plaintiff further highlights that joinder is disfavored when used to shift liability for one's own defense, and that Ms. Schaedler-Moore's motion seeks to offload responsibility for the tax liens onto third parties who assert no current claim to the property. (*Id*. at 5.)

The Court agrees with Plaintiff and Freedom. Section 7403(b) requires joinder only of parties who currently "have liens upon or claim any interest in the property." 26 U.S.C. § 7403(b). Ms. Schaedler-Moore has not shown, or alleged, that Westcor or Fidelity holds a lien, ownership interest, or any present enforceable claim against the property. Rather, her arguments rest entirely on purported contractual obligations arising

---

[3] Plaintiff also responds to Ms. Schaedler-Moore's request for a stay. (Gov. Oppo. at 6.) However, the Court does not consider this request since it has already been addressed in a prior order. (*See* Doc. 145.)

24-cv-978-W-AHG

from the refinance transaction. Such interests fall outside the scope of Section 7403(b), which is limited to adjudicating claims of interest to the property itself. This action concerns foreclosure of federal tax liens, and Freedom, not Westcor or Fidelity, holds the beneficial interest under the deed of trust encumbering the property.

For the same reasons, Rule 19(a)(1)(A) does not apply. Complete relief can be granted among the existing parties without Westcor or Fidelity because the only relief sought by Plaintiff is foreclosure of federal tax liens. The potential foreclosure of the property does not require resolving alleged title insurance obligations, escrow-related duties, or any other contractual matters arising out of the refinance.

Rule 19(a)(1)(B)(i) also does not apply. Westcor and Fidelity do not possess a legally protected interest that will be impaired or impeded by the disposition of this action. Ms. Schaedler-Moore's asserted indemnity and subrogation theories are, at most, contingent future claims dependent on outcomes not before the Court. Rule 19 does not require joinder based on speculative or collateral financial exposure. *Makah*, 910 F.2d at 558. Importantly, this action does not seek to invalidate, interpret, or enforce any contract to which Westcor or Fidelity is a party, distinguishing this case from others where joinder is required to resolve contractual issues. *See Dawavendewa*, 276 F.3d at 1157.

Rule 19(a)(1)(B)(ii) likewise does not require joinder. Ms. Schaedler-Moore has not shown that proceeding without Westcor or Fidelity would subject any existing party to inconsistent obligations. A foreclosure judgment resolving federal tax liens would neither preclude nor compel any future contractual claims against those entities, and it would not create conflicting obligations. At most, Ms. Schaedler-Moore anticipates subsequent litigation, which is not prohibited by Rule 19.

The timing of this motion further confirms that Westcor and Fidelity are not required parties. This action has been pending since mid-2024, yet Ms. Schaedler-Moore did not identify these entities as allegedly required until very late in the proceedings. Earlier in opposing summary judgment, she argued that Plaintiff failed to join Freddie Mac as a required party, an argument that the Court rejected for lack of any demonstrated

24-cv-978-W-AHG

property interest, without mentioning Westcor or Fidelity at all. The belated argument reinforces the notion that Ms. Schaedler-Moore's motion is defensive in nature and aimed at shifting blame or potential liability for the refinance, rather than protecting any legally cognizable interest threatened by this foreclosure action.

In summary, this action concerns foreclosure of federal tax liens, not alleged defects in a refinance transaction. Any contractual or indemnity disputes Ms. Schaedler-Moore may wish to pursue against Westcor or Fidelity are collateral matters that are neither necessary nor appropriate for resolution here. Because Westcor and Fidelity do not hold any interest in the property within the meaning of Section 7403(b) and are not required parties under Rule 19, Ms. Schaedler-Moore's motion to join them is **DENIED**.

## IV.    CONCLUSION & ORDER

For the above reasons, the Court finds that neither Westcor nor Fidelity are required parties to this case. Accordingly, Ms. Schaedler-Moore's motion is **DENIED** [Doc. 120].

**IT IS SO ORDERED.**

Dated:  February 17, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

7

24-cv-978-W-AHG