UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE, et al.,<br><br>Defendants. | Case No.:  24-CV-978 W (AHG)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 77]** |

Before the Court is Defendant/Cross-Defendant Freedom Mortgage Corporation's ("Freedom") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Nancy Schaedler-Moore's ("Ms. Schaedler-Moore") cross-claim to quiet title. (*Mtn*. [Doc. 77].) Ms. Schaedler-Moore filed a response in opposition. (*Opp'n* [Doc. 124].) Freedom filed a reply in support (Reply [Doc. 130]), and Ms. Schaedler-Moore was granted leave to file a sur-reply (*Sur-Reply* [Doc. 135-1].)

The Court decides the matter of the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons provided below, the Court **GRANTS** judgment on the pleadings as to the cross-claim against Freedom.

/ / / /

/ / / /

24-CV-978 W (AHG)

## I.      PROCEDURAL BACKGROUND[1]

This matter was initiated by Plaintiff United States ("Plaintiff") to foreclose federal tax liens on real property located at 1137 Columbus Way, Vista, California, 92081. (*Complaint* [Doc. 1].) Plaintiff alleged that the property was burdened by IRS recorded notices of federal tax liens ("NFTLs") arising from tax assessments made against a taxpayer who previously purchased the property. (*Id.* at 4-6.) Ms. Schaedler-Moore, who later acquired the property by quitclaim deed, was named as a Defendant who may claim an interest in the property, along with JG Wentworth Home Lending, LLC ("JG Wentworth"), and several others. (*Id.* at 3-4, 9) During this matter, Freedom was substituted in place of JG Wenworth after the beneficial interest in the subject deed of trust was transferred to Freedom. (Docs. 23, 31.)

In response to the complaint, Ms. Schaedler-Moore asserted counterclaims and cross-claims, including a claim for quiet title against Plaintiff and Freedom and others, as well as statutory damages against Plaintiff. (*Cross-claim* [Doc. 6] at 7-10.) The Court has since resolved claims asserted by and against Plaintiff, including granting Plaintiff's motion for judgment on the pleadings as to Ms. Schaedler-Moore's counterclaims (Docs. 21, 37), entering default judgment against several defendants (Docs. 36, 39, 44, 48, 49), and granting summary judgment against Ms. Schaedler-Moore, which ordered foreclosure of the property to satisfy the federal tax liens (Docs. 64, 78, 79).[2]

Now before the Court is Freedom's motion for judgment on the pleadings as to Ms. Schaedler-Moore's cross-claim for quiet title against Freedom. (*See Mtn.*) The Court considers the motion below.

---

[1] The factual background of this matter has been addressed extensively in the Court's prior orders. (*See* Docs. 37, 48, 57, 78.) Because those details are not necessary for resolution of Freedom's motion, they are not repeated here.

[2] Ms. Schaedler-Moore, now proceeding *pro se*, has since filed a motion to alter/amend the Court's summary judgment order, which is also currently pending. (Doc. 91.)

24-CV-978 W (AHG)

## II.    **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Ninth Circuit has stated that "[j]udgment on the pleadings is limited to material included in the pleadings" and that the decision whether to convert the motion into one for summary judgment lies within the court's discretion. *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011) (citations omitted).

Judgment on the pleadings is proper "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to a judgment as a matter of law." *Fajardo v. Cnty. Of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). The allegations must also "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

## III.    **DISCUSSION**

### a.  **Procedural Framework**

As a preliminary matter, the Court addresses the proper procedural framework for resolving the motion. Freedom brings its motion under Rule 12(c) and does not rely on, or attach, materials outside the pleadings, and it does not request conversion of the motion into one for summary judgment. (*See Mtn.*) Ms. Schaedler-Moore raises the issue of conversion, stating that "no meaningful discovery has been conducted in the case" despite fact discovery closing over a year ago. (*See Opp'n* at 7.) She further states that if the Court were to look beyond the pleadings, it should "allow limited, targeted discovery focusing

24-CV-978 W (AHG)

on title/escrow/CPL [closing protection letter] issues, servicing/RESPA responses [Freedom's notice of error and request for information determinations], and indemnity/allocation." (*Id*. at 7-8.)

Rule 12(d), however, directs conversion to summary judgment only when matters outside the pleadings are presented to the Court. *See* Fed. R. Civ. P. 12(d). Here, no such materials have been submitted or relied upon. Under these circumstances, the procedural posture of discovery and any contention that additional discovery would be warranted under Rule 56 are irrelevant to the Court's analysis. Since "matters outside the pleadings" have not been presented, the Court declines to treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

### b. Quiet Title

In support of its motion, Freedom contends that Ms. Schaedler-Moore's cross-claim for quiet title fails as a matter of law because it does not allege facts sufficient to state a claim against Freedom. (*Mtn*. at 2.) Freedom argues that the cross-claim focuses only on Plaintiff's federal tax liens and "simply lumps Freedom Mortgage into [Ms. Schaedler-Moore's] efforts to challenge the Plaintiff's tax liens." (*Id*. at 2, 4) Freedom further asserts that Ms. Schaedler-Moore acknowledges obtaining a loan from Freedom's predecessor and securing repayment through a deed of trust encumbering the property. (*Id*. at 4.)

In opposition, Ms. Schaedler-Moore raises procedural arguments regarding the absence of "indispensable indemnity parties" and the sequence in which her pending motions should be resolved. (*Opp'n* at 1-5.) She also argues that the motion is premature because, in her view, material facts remain unresolved regarding Freedom's lien validity and any rights it may assert against the property, which she argues depend on escrow and title compliance and potential indemnity obligations. (*Id*. at 1.) She further states that she "does not concede the validity, enforceability, priority, or amount of Freedom['s] . . . loan, deed of trust, or alleged lien." (*Id*. at 3.)

To state a claim for quiet title under California law, a complaint must be verified and allege: (a) a description of the property; (b) the title of the plaintiff and the basis of the title; (c) the adverse claims to the title as to which a determination is sought; (d) the date as of which the determination is sought; and (e) a prayer for determination of the plaintiff's title against the adverse claims. *See* Cal. Civ. Proc. Code § 761.020.

Here, Ms. Schaedler-Moore's cross-claim does not satisfy these requirements as to Freedom. (*See Cross-Claim* at 7-8.) While the cross-claim seeks a determination that the counter-defendant and cross-defendants' claims to title be removed, the allegations underlying the quiet title claim only challenge Plaintiff's federal tax liens. (*See id*.) The cross-claim repeatedly identifies the federal tax liens as the sole cloud on title and attributes Ms. Schaedler-Moore's alleged injuries exclusively to those liens. (*See id*.) Importantly, the cross-claim does not allege any adverse claim to the title by Freedom. It does not identify Freedom's deed of trust as a cloud on title, allege that the deed of trust is invalid, unenforceable, or otherwise defective, or set forth any facts explaining why Freedom lacks a legitimate interest in the property.

The only reference to Freedom consists of a general statement that it "may have a claim" and the acknowledgment that Ms. Schaedler-Moore refinanced her loan with Freedom's predecessor and made payments on the loan. (*See id.* at 4-8.) These statements, taken as true, cannot be construed as alleging a cloud on title or an adverse claim against Freedom, which is required to state a quiet title claim. *See* Cal. Civ. Proc. Code § 761.020. Since no such allegations are made as to Freedom, the cross-claim does not properly seek a prayer for determination against Freedom and fails as a matter of law.

Lastly, although Ms. Schaedler-Moore argues that Freedom's motion is premature and that additional discovery is necessary, those contentions do not cure the cross-claim's deficiencies. Courts evaluate a judgment on the pleadings based on the legal sufficiency of the claim as alleged, not whether additional facts might be developed through discovery.

/ / / /

/ / / /

24-CV-978 W (AHG)

## IV.    CONCLUSION AND ORDER

Based on the above, the Court finds that Ms. Schaedler-Moore has failed to allege a quiet title claim against Freedom. Accordingly, Freedom's motion for judgment on the pleadings [Doc. 77] as to the quiet title cross-claim is **GRANTED[3] WITHOUT LEAVE TO AMEND[4]**.

**IT IS SO ORDERED.**

Dated:  February 17, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

---

[3] In Ms. Schaedler-Moore's opposition, she asks the Court to state that it is not "determining the validity, priority, enforceability, or amount of [Freedom's] lien or loan, and that no preclusive effect is intended" regarding the state court action. (*Opp'n*. at 9.) This Court's ruling is limited to only resolving the issues in Freedom's motion. The above-mentioned issues are not before this Court and thus any statement regarding the preclusive effect would be an inappropriate advisory opinion.

[4] Ms. Schaedler-Moore's request for leave to amend is based on the assumption that Westcor and Fidelity National Title Company would be joined to the case. (*Opp'n* at 9.) Since the Court denied the motion to join those parties, the Court finds that amendment would be futile, and therefore, grants the motion for judgment on the pleadings without leave to amend.