UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.:  24-CV-978 W (AHG) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION [DOC. 150]** |
| NANCY SCHAEDLER-MOORE et al., | |
| Defendants. | |

Before the Court is Defendant Nancy Schaedler-Moore's motion for reconsideration. (Doc. 150.) Ms. Schaedler-Moore requests that the Court reconsider the following: (1) the January 12, 2026 order that denied sequencing of the disposition of certain motions, allowed leave to file a supplemental memorandum in support of the motion to alter/amend the judgment, set a briefing schedule on the motion to join parties, and permitted the filing of a sur-reply to the motion for judgment on the pleadings (Doc. 139); (2) the January 22, 2026 order that denied the motion for temporary stay of enforcement, granted the motion to continue the briefing schedule on the motion to alter/amend judgment, and clarified the page limit (Doc.  145); and (3) the January 13, 2025 order that entered default judgment against Defendant's S-corporation (Doc. 48).[1] Defendant filed a response in opposition.

---

[1] Ms. Schaedler-Moore also requested reconsideration of the Court's February 4, 2026 minute order (*See* Doc. 148) that set a briefing schedule on the renewed ex parte application for a temporary stay of

(Doc. 163.) The Court considers each request for reconsideration below[2].

First, Ms. Schaedler-Moore's request for reconsideration of the January 12, 2026 order is **DENIED AS MOOT**. In her sequencing motion, Ms. Schaedler-Moore asked the Court to: (1) first resolve her motion to join parties; (2) then set a briefing schedule on her motion to alter/amend the Court's judgment; and (3) hold Defendant/Cross-Defendant Freedom's motion for judgment on the pleadings (Doc. 77) in abeyance. (*See* Docs. 121, 123.) The Court denied the motion and has since issued rulings on the motion to join parties and the motion for judgment on the pleadings. (*See* Docs. 159, 161.) The only motion remaining from the proposed sequence is the motion to alter/amend the Court's judgment. Furthermore, the remainder of January 12 order merely established a briefing schedule for motions that have now been resolved or otherwise altered[3]. Accordingly, reconsideration of that order is now moot.

Ms. Schaedler-Moore also seeks reconsideration of the January 22, 2026 order denying her request for a stay of enforcement. Ms. Schaedler-Moore has repeatedly sought a stay in this matter, including through: (1) an ex parte emergency motion to stay the case (Doc. 101), (2) a motion to stay proceedings for an administrative stay and sequencing (Doc. 121), (3) an ex parte application for a temporary enforcement stay (Doc. 141), and (4) an ex parte application to temporarily stay enforcement or a temporary restraining order in the alternative (Doc. 147). Most recently, she filed another motion for reconsideration that again requests an administrative stay. (*See* Doc. 162.) Since she has filed a new motion raising the same issue, the Court finds that motion supersedes the reconsideration request

---

enforcement, or temporary restraining order. However, in denying that application, the Court denied the portion of Ms. Schaedler-Moore's motion for reconsideration that requested a reply brief. (*See* Doc. 154 at n.1.) Accordingly, it is not addressed here.

[2] Ms. Schaedler-Moore's motion for reconsideration raised issues not previously addressed in this Court's orders. Therefore, those issues are beyond the scope of a motion for reconsideration and are not addressed here.

[3] The Court granted Ms. Schaedler-Moore's motion to extend the briefing schedule in a more recent order, so the original briefing schedule is now moot.

24-CV-978 W (AHG)

currently before the Court. Accordingly, the motion for reconsideration on this issue is **DENIED AS MOOT**.

Lastly, Ms. Schaedler-Moore requests reconsideration of the Court's January 13, 2025 order that entered default judgment against her S-corporation. (*See* Doc. 48.) She argues that the corporation was never served with the motion for default judgment, and that without proper notice, the resulting default judgment is unenforceable. (Doc. 150 at 4-5.) As Plaintiff correctly notes (Doc. 163), Defendant has not filed a motion to vacate the default judgment. Accordingly, the issue is not properly before the Court.

Nevertheless, the Court briefly addresses Defendant's argument. Applications for default judgment are governed by Rule 55(b)(2) of the Federal Rule of Civil Procedure. *See* Fed. R. Civ. P. 55(b)(2). For a court to grant default judgment, the plaintiff must establish that: (1) the defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Servicemembers Civil Relief Act; and (4) if the defendant has appeared in the action, that the defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. *See, e.g.*, 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Here, because the S-corporation did not appear in this action, Rule 55(b)(2) did not require service of notice of the application for default judgment. The docket also reflects that the S-Corporation was properly served with the summons and complaint. (Doc. 24.) Therefore, Ms. Schaedler-Moore has not established the grounds required for reconsideration (newly discovered evidence, clear error, or intervening change in law.) *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Accordingly, reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated:  March 2, 2026

Hon. Thomas J. Whelan
United States District Judge

3

24-CV-978 W (AHG)