UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY SCHAEDLER-MOORE, et al.,,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:24-CV-978-W-AHG<br><br>**ORDER GRANTING RENEWED ADMINISTRATIVE MOTION TO FILE LIMITED MEDICAL VERIFICATION UNDER SEAL**<br><br>**[Doc. 202]** |

Before the Court is the Renewed Administrative Motion to File Limited Medical Verification Under Seal, pursuant to CivLR 79.2, which was submitted to the Clerk of Court and stamped as received on April 2, 2026.  (*Mot. to Seal* [Doc. 202].)  Defendant Nancy Schaedler-Moore requests the Court order sealed a declaration by Schaedler-Moore and two exhibits to the publicly available motion, S1 (one page) and S2 (two pages) and leave the administrative motion to seal unsealed on the docket.  No declaration was lodged with this motion.[1]  The two exhibits attached to the motion contain limited amounts of Defendant's private medical information and do not address

---

[1] No declaration was submitted and stamped received with the motion and Exhibits.  For that reason, the Court expresses no opinion about it.

other issues.  As Defendant argues in her renewed motion, she does not seek reconsideration or merits review but rather "only to protect medical privacy while allowing the Court to have an accurate record concerning disability-related communication and processing limitations and the technical filing barriers that affected prior attempts to lodge limited medical verification."  (*Mot. to Seal* at 1.)[2]

## I.     LEGAL STANDARD

The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978).  Although the right is not absolute, there is a "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  As the party moving to seal a judicial record, Defendant "bears the burden of overcoming this strong presumption[.]"  *Ctr. for Auto Safety*, 809 F.3d at 1096.  A court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id*. at 1096–97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

//

---

[2] For accuracy of the judicial record only, the Court notes that Defendant's motion contains a Proof of Service statement that appears to be inaccurate.  (*Mot. to Seal* at 4.)  Defendant states she electronically filed the motion on March 19, 2026, through CM/ECF and provided notice by that means. The docket does not show that this motion was electronically filed on that date.  Defendant's motion explains her prior efforts to file the motion.  The Court determines that this likely inadvertent error about proof of service is moot because the Court caused the motion to be electronically filed on the docket, and notice was provided by that filing.

## II.    ANALYSIS

Defendant argues that compelling reasons support her request for sealing because the request is narrowly tailored to her sensitive medical records only and only those relevant to "document [her] functional limitations relevant to access, communication, and filing burdens." (*Mot. to Seal* at 3.)  Defendant also argues that the medical records are not offered to prove or disprove the issues of foreclosure, the validity of any lien, or the merits of any claim or defense.  (*Id*.)  Next Defendant argues that her medical records should be protected from public disclosure because "public filings have challenged or minimized [her] disability-related limitations by pointing to the volume of her filings." (*Id*.)  Finally, Defendant argues she previously attempted to request that sealed and relevant medical information be filed in this case, but that "technical problems prevented completion of the sealed-lodgment workflow even though Movant attempted to comply." (*Id*.)  Defendant argues that the instant motion, if granted, would "cure that problem using the Court's prescribed public-motion plus sealed-lodgment process."  (*Id*.)

Having reviewed the moving papers and exhibits S1 and S2, the Court concludes that Defendant demonstrated compelling reasons to support the sealing of these narrowly tailored documents regarding her personal medical information and records.  The Court's conclusion rests in large part on the fact that the exhibits, filed by a pro se litigant, do not in any way address or respond to the merits of this case or to any of Plaintiff's arguments or causes of action or Defendant's defenses or substantive arguments.  As Defendant says, these exhibits are only relevant to "whether [her] communication, organization, processing speed, task-switching, and error recovery are materially impaired under extreme time pressure and threat of irreparable loss."  (*Id*.)  Resolving that question is not before the Court at this time.  For these reasons, the Court finds that Defendant's interests in the privacy of the minimal medical record information from S1 and S2 outweigh the public's interest in access to the Court's records.

//

//

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Schaedler-Moore's renewed administrative motion to file limited medical verification under seal. [Doc. 202.]  The Court **ORDERS** the Clerk of Court to seal S1 and S2, the exhibits attached to the motion. Defendant's motion [Doc. 202] remains publicly available.  This Order shall not be sealed.

IT IS SO ORDERED.

Dated:  June 25, 2026

_____
Hon. Thomas J. Whelan
United States District Judge