UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

NANCY SCHAEDLER-MOORE et al.,
Defendants.

Case No.: 3: 24-CV-978-W-AHG

**ORDER DENYING: (1) MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e) AND, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT UNDER FRCP 60(b)(4), (b)(6) [Docs. 91, 175 ], AND; (2) FOR RECONSIDERATION OF ORDER DENYING JOINDER AND FOR STAY OF ENFORCEMENT OF JUDGMENT/DECREE [Doc. 162]**

Pending before the Court are two motions filed by Defendant Nancy Schaedler-Moore. One challenges this Court's order granting Plaintiff United States of America's summary-judgment motion and seeks to alter or amend the judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(4), (b)(6) (the "*MSJ Reconsid.*" [Doc. 91]). The other seeks reconsideration of this Court's Order denying Defendant's motion for joinder and to stay enforcement of the judgment/decree ("*Joinder Reconsid.*" [Doc. 162]). Plaintiff United States of America opposes both motions. The Court permitted supplemental briefing [Doc. 175], which Defendant submitted.

The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d.1). For the reasons stated below, the Court **DENIES** the motions [Docs. 91, 175, 162].

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil case brought by the United States of America to foreclose federal tax liens against the real property at 1137 Columbus Way, Vista, California 92081 (the "Property"). 26 U.S.C. §§ 7401, 7403; *see also Complaint* [Doc. 1] ¶ 7 (legal description of the Property). In a much earlier filed case, the United States sued Robert Scharringhausen, seeking an entry of judgment based on tax assessments. *United States v. Scharringhausen*, No. 03-cv-551 (S.D. Cal. Mar. 20, 2003) ("Case No. 03-cv-551"). In that case, on November 6, 2003, the Government obtained a default judgment for $488,307.96, plus interest, against the taxpayer. (*See Default Judg't* [Doc. 17] in 03-CV-551.) On May 17, 2007, the Ninth Circuit affirmed the judgment. (*See USCA Judg't* [Doc. 92] in 03-cv-551.) Two decades later, on September 22, 2023, the Government filed a motion to reopen the case, substitute the estate of the defendant (whom the Government learned had passed away in 2020) as the proper party, and renew the judgment. (*Mot. to Renew Judg't* [Doc. 93] at 2:2–8, 4:11–13 in 03-cv-551.) On October 30, 2023, this Court granted the Government's unopposed motion. (*Order Renewing Judg't* [Doc. 94] in 03-cv-551.) For thirty years, from 1993 through February 10, 2023, the IRS recorded notices of federal tax liens ("NFTLs") with the San Diego County Recorder's office related to Scharringhausen's tax assessments.

Earlier, Scharringhausen had purchased the subject Property, and in 2009, he invited Defendant Nancy Schaedler-Moore to rent the Property as her residence. (*Jt. Stmt. Facts* [Doc. 75] ¶ 6.) When Defendant learned that Scharringhausen was behind on the mortgage payments and the Property was in foreclosure, she started making the payments and refinanced the loan through JG Wentworth Home Lending, LLC ("JG Wentworth"). (*Id.* ¶¶ 7–8, 17.) Subsequently, in 2012, quitclaim deeds purporting to

transfer the Property to Defendant were recorded with the San Diego Recorder's Office. (*Id.*) The Property remains Defendant's "primary residence and home." (*Def. Decl.* [193-1] ¶ 2.) In 2021, Defendant attempted to sell the Property, but the transaction did not close because of clouded title. (*Id.* ¶ 10.)

### A. The Government files this lawsuit and Defendant, through counsel, files a Counterclaim.

On June 4, 2024, the United States filed this lawsuit to foreclose on the Property. (*See Compl.* [Doc. 1].) Defendants included, among others, Defendants Nancy Schaedler-Moore in her individual capacity and as trustee of the Nancy Susan Schaedler Trust July 17, 2016, and JG Wentworth, as the original beneficiary of the deed of trust. (*Id.*) Defendant Schaedler-Moore was originally represented by counsel Kevan P. McLaughlin and Mauro P. Colabianchi, of McLaughlin Legal, APC, in this case. (*McLaughlin Appear.* [Doc. 4].) On July 17, 2024, Defendant, through counsel, filed an answer and counterclaim against the United States and JG Wentworth, among others, seeking to quiet title and damages under 26 U.S.C. §§ 7432 and 7433.[1] (*See Answer/Counterclaim* [Doc. 6].)[2]

### B. The Government moves for judgement on the Counterclaim, and the Court grants the withdrawal of Defendant's first counsel of record.

On August 16, 2024, the Government responded to the Counterclaim by filing a motion for judgment on the pleadings. (*Mot. for Judg't* [Doc. 21].) The motion argued

---

[1] On September 25, 2024, this Court granted the parties' joint motion substituting Freedom Mortgage Corporation in place of JG Wentworth. (*See Jt. Subst. Mot.* [Doc. 23]; *9/25/24 Order* [Doc. 31].)

[2] Defendant refers throughout her briefs to a time when the CM/ECF docketing system listed her as a "TERMINATED" party in this case. Assumed true for this purpose only, this temporary designation within the docketing system does not impact the reality that Defendant has remained a party in this case, has access to the docket both through her counsel and as a pro se, and actually filed her documents there.

that Defendant's counterclaims should be dismissed because the tax liens attached to the Property before it was transferred to her. (*Id.* at 3:16–21.) Defendant opposed the motion on two grounds. First, she argued that because she refinanced the Property's mortgage through a third-party lender, she should be equitably subrogated in place of the original purchase money mortgage lender and, accordingly, has priority over any outstanding tax liens. (*Opp. Mot. for Judg't* [Doc. 27] 6:24–26.) Second, Defendant argued that even if she cannot be subrogated in place of the original lender, she should be construed as a purchaser of the Property without notice of the tax lien and thus entitled to the Property free of the encumbrances. (*Id.* at 7:3–9.) On October 31, 2025, this Court rejected Defendant's arguments and granted judgment in favor of the Government. (*See MSJ Order* [Doc. 37].) Ruling for the Government, the Court found the NFTLs were already attached to the Property and recorded in the San Diego County Recorder's Office before Schaedler-Moore received it from Scharringhausen. (*Id.* at 6–7.). For this reason, Defendant had, at a minimum, constructive notice of the tax liens under 16 U.S.C. § 6323. (*Id*. at 7.) The Court granted the Government's motion for judgment on the pleadings. (*Id*. at 8.)

While Defendant was represented by counsel, the assigned U.S. Magistrate Judge set a scheduling order with August 29, 2025, as the discovery cut-off. (Doc. 46.) On January 15, 2025, the parties appeared before U.S. Magistrate Judge for status conference, and Attorney Colabianchi appeared for Defendant. (Doc. 50.) On February 26, 2025, Defendant's counsel moved to withdraw from the case. (*Mot. to Withdraw #1* [Doc. 52].) Defendant did not oppose the withdrawal but requested a stay of proceedings to find new counsel. (*Def's Response* [Doc. 56] 28:2–21.) On March 17, the Court granted the motion and continued all case deadlines by thirty days to give Defendant time to find an attorney. (*Withdrawal Order #1* [Doc. 57] at 5:25–6:6.)

//

//

### C. The Government moves for summary judgment against Defendant, and Freedom Mortgage moves for judgment on the Counterclaim.

On April 29, 2025, the United States moved for summary judgment. (*MSJ* [Doc. 64].) On May 23, 2025, Defendant filed an ex parte application for a 30-day extension of time from May 27 to June 26, to oppose the motion and potentially seek counsel. (*Ex Parte Appl.* [Doc. 67].) On May 28, the Court granted the application and ordered the opposition due on June 30, 2025. (*See Order Re. Extension* [Doc. 68].)

On June 5, 2025, attorney Samuel Brotman entered an appearance for Defendant. (*Brotman Appear.* [Doc. 69].) On June 30, 2025, the Court granted a joint motion further extending the deadlines for Defendant's opposition and the Government's reply to give the newly appearing counsel adequate time to prepare. (*Order Re. MSJ Briefing* [Doc. 73].) Defendant's opposition was timely filed, and on July 22, the Government filed its reply. On September 5, 2025, Freedom Mortgage moved for judgment on the pleadings on the Counterclaim. (*See Freedom's Mot. for Judg't* [Doc. 77].)

On September 16, 2025, the Court granted the summary judgment motion and entered judgment, ordering foreclosure of the Property to satisfy the federal tax liens. (*MSJ Order* [Doc. 78] at 15:2–5; *Clerk's Judg't* [Doc. 79].) Based on this Court's previous finding that the NFTLs were attached to the Property at the time Defendant received it from Scharringhausen, the Court concluded that she was not a purchaser without notice of the liens. (*MSJ Order* at 5:16–6:10.)

After the entry of that Order and Judgment, Defendant, through her counsel, filed her opposition to Freedom Mortgage's motion for judgment on the pleadings on October 2, 2025. (*Resp. to Freedom's Mot. for Judg't* [Doc. 80].) There, she argued that while she "disputes the accuracy and characterization of the facts contained within that motion (Dkt No. 77, at 2–4), she does not oppose the relief Freedom seeks." (*Id*. at 1 (internal citation in original).)

**D. Defendant terminates her second counsel of record, proceeds pro se, and files an appeal and multiple motions, including reconsideration and to join parties.**

On October 6, 2025, Defense counsel Brotman filed a motion to withdraw, and Defendant filed a motion to terminate her attorney. (*See Mot. to Withdraw #2* [Doc. 82]; *Mot. to Terminate* [Doc. 83].) On October 14, the Court granted the motions. (*Withdrawal Order #2* [Doc. 90].) That same day, Defendant, proceeding pro se, filed a notice of appeal, (*Not. Appeal* [Doc. 94][3]), and she filed the pending motion to reconsider the MSJ Order, (*see MSJ Reconsid.*).

About this time, Defendant also began filing a series of motions, seeking various forms of administrative relief, to stay, to hold in abeyance various proceedings, or a combination of that relief. (*See*, *e.g.*, Docs. 99, 100, 107, 115, 117, 118, 119, 121, 133.) These filings included a motion to continue the briefing and to file a sur-reply related to Freedom's motion for judgment on the Counterclaim. (*See* Docs. 101, 123, 135.) However, on October 23, this matter was stayed based on the lapse of appropriations for the Department of Justice. (*Gov. Mot. to Stay* [Doc. 103]; *10/23/25 Order* [Doc. 108].) The Court lifted the stay on November 18, 2025. (*11/18/25 Order* [Doc. 114].)

On December 1, 2025, Defendant filed an opposition to Freedom's motion for judgment on the pleadings. (*Opp. to Freedom's Mot.* [Doc. 124].) The same day, Defendant also filed (1) a motion to join Westcor Land Title Insurance Company and Fidelity National Title Company as required parties under Federal Rule of Civil Procedure 19(a) and 26 U.S.C. § 7403(b) (*Mot. to Join* [Doc. 120]) and (2) a "sequencing motion" [Doc. 121], requesting that the Court decide the pending motions in reverse

---

[3] Defendant identified for appeal the *MSJ Order*, *Clerk's Judg't*, "Order No. 88 (striking Defendant's filings)," "any order denying or refusing to consider Defendant's post-judgment motions under Rules 59(e) and 60(b)," and "all orders and rulings that relied upon, incorporated, or enforced the judgment or lien renewal entered in Related Case No. 3:03-cv-0551-W-RBB." (*Not. Appeal* [Doc. 94] at 1.)

order—i.e., the motion to join first, then Freedom's motion for judgment on the pleading, and finally the motion to reconsider the MSJ Order.

The Court denied Defendant's request for sequencing. (*1/12/26 Order* [Doc. 139] at 2:15–3:13.) That order also addressed numerous briefing requests by Defendant on the remaining substantive motions. (*Id.*) The Court granted her a sur-reply (which was attached to her request for leave) to Freedom's motion for judgment on the pleadings. (*Id.* at 4:11–15.) Regarding Defendant's motion to join parties, the order set deadlines for any opposition and Defendant's reply. (*Id.* at 4:5–9.) Finally, the order granted her request to file a supplemental brief in support of the motion to reconsider the MSJ Order and set deadlines for the supplemental brief, the Government's opposition, and the reply. (*Id.* at 3:16–4:3.) The Court ordered that Defendant's "supplemental memorandum shall supersede any and all previously filed memorandum in support of the motion to alter/amend" and thus the "supplemental memorandum may not refer to or incorporate by reference any portion of the previously filed memorandum." (*Id.* at 3:20–27.) In other words, Defendant's originally filed post-judgment motion (*MSJ Reconsid.*) was timely filed and remained so, but her supplemental memorandum of points and authorities superseded all earlier arguments raised in earlier memoranda of points and authorities.

On January 19, 2026, Defendant moved for a 5-week extension of time to file her supplemental brief. (*Ex Parte* [Doc. 141].) The Court denied the 5-week request but granted an extension from January 26 to February 23. (*1/22/26 Order* [Doc. 145] 2:12–3:22.)

Then, Freedom Mortgage filed its opposition to Defendant's motion to join required parties. (*Opp. to Joinder* [Doc. 142].) On February 9, 2026, Defendant replied in support of joinder, untimely raising for the first time the issue of permissive joinder. (*Reply to Joinder* [Doc. 151].) On February 17, 2026, the Court denied the motion on the ground that Westcor and Fidelity did not hold any interest in the Property within the meaning of 26 U.S.C. § 7403(b). (*Order Denying Joinder* [Doc. 159] at 7:5–10.) As such, those entities were not necessary parties under Rule 19(a), governing joinder of

required parties. (*Id.*) In so ruling, the Court refused to consider new arguments raised for the first time by Defendant in her reply. (*Id.* at n.1). On February 20, 2026, Defendant filed the motion for reconsideration of order denying joinder and for stay of enforcement of judgment or decree. (*Joinder Reconsid*. [Doc. 162].)

On February 24, Defendant requested another extension of 14 to 21 days to file her supplemental brief in support of her challenge to the MSJ Order and Judgment. (*Ex Parte* [Doc. 164] 4:3.) On February 26, the Court granted an extension until March 9. (*2/26/26 Order* [Doc. 167] at 3:17–18.) On February 27, Defendant moved for leave to file a 60-page supplemental brief and a reply of 30 pages. (*Ex Parte* [Doc. 170] ¶ 1.) On March 3, the Court granted her leave to file a 40-page brief and 25-page reply. (*3/3/26 Order* [Doc. 173] 2:18–23.) The Court warned Defendant that failure to comply with those orders could result in the Court issuing a ruling on the previously filed motion to alter or amend the judgment (Doc. 91) and supplemental memorandum (Doc. 119). (*3/3/36 Order* at 3.)

On March 10, Defendant untimely filed the supplemental memorandum of points and authorities after the deadline. (*See Consolidated Supp'l Memo* [Doc. 175].) The Court did not reject the untimely filing. (*Id.*) On April 6, the Government filed its opposition. (*Opp. to MSJ Reconsid.* [Doc. 194].) On May 4, 2026, Defendant filed her reply. (*Reply to MSJ Reconsid*. [Doc. 199].)

## II. ANALYSIS

The Court first addresses Defendant's Motion for Reconsideration of Joinder (*Joinder Reconsid*.) and will then address her Motion to Alter or Amend the Judgment or alternatively for Relief from Judgment (*MSJ Reconsid*.).

//

//

//

**A. Motion for Reconsideration of Denial of Joinder and for Stay of Enforcement of Judgment/Decree (*Joinder Reconsid.* [Doc. 162])**

Defendant moves, under Federal Rule of Civil Procedure 59(e), for reconsideration of the order denying joinder of Westcor Land Title Insurance Company ("Westcor") and Fidelity National Title Company ("Fidelity"). In her original motion to join only Westcor and Fidelity, Defendant bases for joinder were for (1) joinder of required parties, under Fed. Civ. P. 19, and (2) required statutory joinder for "persons having liens upon or claiming any interest in the property involved," under 26 U.S.C. § 7403(b), (c).[4] Freedom and the Government opposed her motion. For the first time in reply, Defendant raised permissive joinder under Fed. R. Civ. P. 14, 20, 21, as a new legal issue. (*Reply to Joinder* at 4, 7–8.) The Court refused to consider her arguments for permissive joinder because they were only raised in reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Defendant now moves for reconsideration of that denial of joinder and requests the necessary or permissive joinder of Westcor and Fidelity, as well as a new party not previously identified, Solidifi Title and Closing LLC. (*Joinder Reconsid.* at 8–12, 14.) According to Defendant, "Westcor underwrote title insurance in connection with the refinance and indemnified against escrow/closing errors and dishonesty by the issuing agent; Solidifi Title and Closing LLC acted as the issuing/closing agent; and the deed of trust identifies the trustee as Fidelity National Title Company [and] the closing instructions and transaction structure required that, if the refinance closed, Freedom's deed of trust would be in first position and the property would be delivered free and clear of undisclosed federal encumbrances, as evidenced by the escrow closing instructions requiring that the refinance be in the first lien position and that 'ALL LIENS AND

---

[4] In the motion to join Westcor and Fidelity under Rule 19, Defendant made no mention of Solidifi. (*Mot. to Join* [Doc. 120].) Also, Solidifi is not mentioned in Defendant's reply brief supporting the original joinder motion. (*Reply to Joinder* [Doc. 151].)

JUDGMENTS MUST BE PAID AND RELEASED OF RECORD.' (Decl. ¶ 15, Ex. C.)."[5] (*Joinder Reconsid*. at 3–4.) Defendant seeks reconsideration to join as necessary or permissible parties Solidifi, Fidelity, and Westcor. (*Id*.)

Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sherman v. Yahoo! Inc.,* 997 F. Supp. 2d 1129, 1139 (S.D. Cal. 2014).

The Ninth Circuit identifies three grounds for reconsideration, (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) to correct clear error in the prior decision or a result of manifest injustice. *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998); *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945 (citing *Kona Enters.*, 229 F.3d at 890); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

---

[5] The Court takes judicial notice of the docket and court records from the Superior Court for the State of California in three cases. They are, *Schaedler-Moore v. Solidifi Title & Closing LLC*, *Freedom Mort. Corp.*, *Westcor Land Title Ins. Co.*, No. 37-2024-000300230CU-FR-NC (filed June 26, 2024, and set for jury trial on April 2, 2027) (civil fraud and misrepresentation); *Schaedler-Moore v. Levinson*, No. 26CU043678N (filed August 14, 2026) (professional negligence case); *Schaedler-Moore v. McLaughlin*, No. 26CU014763N (filed March 16, 2026) (professional negligence case). Fed. R. Evid. 201. The judicial notice taken is that of the authenticity and existence of documents of public record and not for the truth of the facts found within those documents. *See Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006). Defendant's case against Westcor, Solidifi Title, and Freedom for civil fraud or misrepresentation still proceeds in state court. *Schaedler-Moore v. Solidifi*, No. 37-2024-000300230CU-FR-NC (jury trial set for April 2, 2027).

(quoting *Kona Enters.*, 229 F.3d at 890)). Motions "for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners*, 179 F.3d at 665.

Along with other relief, Defendant requested the Court grant "reconsideration and modification of ECF 159 to the extent it declined to consider Rule 14/20/21 grounds on a reply-sequencing basis." (*Id*. at 14: 5–6.) Defendant argues the Court's refusal to address Defendant's permissive joinder arguments is error, despite that they were raised for the first time in reply. In refusing to consider Defendant's untimely raised joinder arguments, the Court cited *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). In *Zamani*, the Ninth Circuit panel reviewed the denial of a Rule 59(e) motion for reconsideration. *Id*. There, the appellants argued that the district court's refusal to address arguments raised for the first time in a reply brief constituted clear error that supported reconsideration. *Id*. The panel disagreed, explaining that a district court is not required to consider such untimely presented arguments. *Id.*

Defendant characterizes the Court's refusal to consider untimely raised arguments as "a sequencing ruling," and she argues that *Zamani* "does not require turning a curable sequencing issue into a case-dispositive procedural bar where the remedy is straightforward and non-prejudicial." (*Joinder Reconsid.* at 8.) The Court declines to read Defendant's sequencing arguments into the clear Ninth Circuit rule that a district court does not commit clear error to support reconsideration when it refuses to address arguments raised for the first time in reply. *Zamani*, 491 F.3d at 997. Refusal to consider Defendant's untimely arguments does not constitute clear error to support a reconsideration.

Also, Defendant moves for leave "to file a renewed motion (or limited supplemental opening brief) presenting [Fed. R. Civ. P. 14, 20, 21] in the opening brief, supported by evidence, with full opposition and reply rights." (*Joinder Reconsid.* at 8.) Defendant argues that the proposed joinder of non-parties is not limited to whether those

parties presently hold a lien or ownership interest in the Property. She argues instead that Rules 14, 20, and 21 permit, rather than require, the joinder of these parties whose conduct impacted the title insurance connected to the refinance and that the "refinance could not properly close 'first position/free and clear' if the federal liens attached in the manner now enforced." (*Joinder Reconsid*. at 10.)

Defendant's own argument for reconsideration describes permissive joinder, a legal issue not raised in her original motion to join. Defendant now argues that "these parties may need to be added to ensure a complete, binding adjudication and to prevent a forced sale that effectively assigns all loss to the homeowner while insulating the title/closing actors who obligations were designed to prevent precisely this scenario." (*Id*. at 9–10.) Her own language, "may need to," underscores that she offered no legal mandate requiring the Court's reconsideration of the denial of joinder and no new evidence supporting joinder that could not reasonably have been produced at the time of the original motion's briefing. How the non-parties might have been lawfully joined at the time Defendant moved for joinder is not the question before the Court.[6] Defendant cites no intervening authority that requires this Court to have considered her permissive joinder arguments that were untimely raised in reply, no new evidence that could not have been presented before, and no clear error in the denial of joinder. The Court declines to provide Defendant another opportunity to litigate against unnecessary parties, in the absence of any ground for reconsideration. Moreover, Defendant provides no explanation why Solidifi was only added as a party relevant to the question of joinder in the motion to reconsider. (*Joinder Reconsid*. at 4, 10–11.) Defendant failed to establish any grounds for reconsideration of the joinder order.

---

[6] As the Government notes, a civil case to reduce tax assessments to judgment under 26 U.S.C. § 7402 does not require the naming of third parties who have no liability ties to the tax assessments at issue, in part because third parties lack standing to challenge the merits of a tax assessment lawsuit. *See Al-Kim, Inc. v. United States*, 650 F.2d 944, 947 (9th Cir. 1979) ("Neither the Internal Revenue Code nor the decisions of this court support any right of third parties to contest the merits of a tax assessment.")

For these reasons, the motion to reconsider joinder is denied.

In addition to requesting reconsideration of joinder, Defendant also moves under Rule 62(b) for a stay of enforcement of a judgment pursuant to a bond or other security. (*Id*. at 8.) "At any time after judgment is entered, a party may obtain a stay by providing a bond or security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).[7] Multiple reasons weigh against a stay here. First, Defendant offers no bond or other security in support of her Rule 62(b) request, as contemplated by the current and prior rule. (*See Joinder Reconsid*. at 12–14.) Fed. R. Civ. P. 62(b); Fed. R. Civ. P. 62(d) (2018); *In Re Combined Metals Reduction Co*., 557 F.2d 179, 193 (9th Cir. 1977). Second, Defendant requests a stay "pending resolution of this motion and related post-judgment matters, or at minimum . . . through the noticed hearing." (*Id*. at 14.) This opinion and order resolves the post-judgment matters, and it is issued after the noticed hearing date. Accordingly, this order renders moot Defendant's request for stay.

For these reasons, the Court denies the request for stay.

**B. Motion to Alter or Amend Summary Judgment or for Relief from Judgment and Defendant's Other Post-Judgment Challenges [Doc. 91, 175]**

First, Defendant's motion to alter, amend or for relief from judgment also argues for reconsideration of the denial of joinder. (*Consolidated Supp'l Memo* [Doc. 175] at 9,

---

[7] "The provision of Rule 62(b) providing for such a stay was previously contained in Rule 62(d)," which governed stay upon appeal. *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, No. 2:20-cv-3444-MEMF-PVC, 2026 U.S. Dist. LEXIS 182238, at *7–8 (citing Fed. R. Civ. P. 62(d) (2018); Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment). Under the prior version of the Rule, "an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." *Id*. (citing *In Re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977)). Under the prior version of the rule, a party seeking the stay must have posted a supersedeas bond acceptable to the court. *Id*. at 8–9 (citing *Am. C.L. Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012)). In the absence of a bond, the prior Rule vested the grant or denial of the stay in the discretion of the judge. *Id*. at 9 (quoting *In Re Combined Metals Reduction Co.*, 557 F.2d at 193).

22, 23, 24, 32, 33, 35, 19, 27, 37, 42–43.) According to Defendant, the "joinder issue [] remains materially intertwined with the validity of preserving the foreclosure judgment on a narrowed party field." (*Corrected Supp'l Exhibits to 175* [Doc. 193] at 5.) To the extent Defendant seeks to recover against non-parties by litigating facts surrounding refinancing or title insurance or breach of contract, such claims are not before the Court, and the Court expresses no opinion about the possible merits.[8] To the extent that Defendant seeks reconsideration of joinder in her motion to reconsider summary judgment, the Court denies the request for the reasons already explained above.

Second, Defendant's arguments to alter or amend judgment or seeking relief from it converge on her central premise—that is, discovery never occurred and the Court never heard her side of the Property's story or of her payments and mortgages on it, and if heard, Defendant would demonstrate that the Property is unaffected by Scharringhausen's tax liability or the tax liens, such that the judgment and foreclosure should be vacated or set aside. (*Consolidated Supp'l Memo* at 29–32.)

At the outset, the Court notes that in January 2025, the scheduling order in this case set the discovery cutoff on August 29, 2025. (Doc. 46.) At this time, Defendant was represented by counsel, and subsequently, she obtained second counsel during the pendency of the summary judgment motion. When the Government moved for summary judgment, four months before the discovery cutoff, the Government bore the burden to produce the initial showing of the absence of a disputed material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (establishing that the moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact). Defendant cites no authority to support her suggestion that she was entitled to the conclusion of discovery before having to oppose a motion for summary judgment.

---

[8] *See supra*, n.5.

After the Government produced its initial evidence supporting summary judgment, then, the burdens shift, and the non-moving party "must set forth facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial.'" *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 252; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); *Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant does not cite any authority that would relieve her of these burdens as the non-moving party to the summary judgment motion.

Defendant's arguments that discovery should have been permitted are untimely raised. Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Defendant never moved under Rule 56(d), and if she had, such a motion was required to be timely filed. *Emp's Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004). During the time when (1) the summary judgment motion was pending and (2) Defendant did not have legal counsel, the Court granted her request for additional time to retain counsel and gave her more time than requested. Then, Defendant retained counsel, and the Court granted an additional extension of time for her opposition to summary judgment and the Government's reply. (*Order Re. MSJ Briefing* [Doc. 73].) During that time, Defendant had the benefit of counsel to consider additional extensions before opposing the summary judgment motion, including as permitted by Rule 56(d). No request was made then that Defendant required discovery before opposing the motion, and her present requests (even if assumed to be persuasive)

do not establish why they could not reasonably have been raised at the time required, earlier in this case. For these reasons, Defendant's objections to the absence of discovery are untimely and without merit.

Turning to the more substantive challenges to the summary judgment, in Defendant's view, the liens did not ever attach to the Property, other parties must be joined under 26 U.S.C. § 7403(b), or should be joined before adjudication, and the Court should equitably prohibit the foreclosure. Defendant's arguments identify three procedural grounds for reconsideration, alteration or amendment, or relief from judgment, and they share overlapping theories, arguments, and evidence. The Court next addresses the three civil procedural rules Defendant cites to revisit or change the summary judgment or judgment order.

**1. Rule 59(e) Motion for Reconsideration**

With respect to the Consolidated Supplemental Memo Regarding Foreclosure, Defendant's motion and supplemental filings do not satisfy the legal standard of Rule 59(e).[9] As explained above, motions "for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners*, 179 F.3d at 665.

Defendant argues that the foreclosure judgment is based on clear error because the Court never adjudicated the "required state-law attachment predicate." According to this

[9] Defendant requests the Court take "judicial notice of the Court's own docket and filings—including the previously filed joinder motion and exhibits and the standstill communications previously submitted." (*Joinder Reconsid.* at 13; *see also Corrected Supp'l Exhibits to 175*.) The Court takes judicial notice of the entire docket in three cases designated by Defendant as related: *United States v. Scharringhausen*, No. 3:03-CV-551 (S.D. Cal. Mar. 20, 2003); this case; and *Schaedler-Moore v. United States*, No. 3:25-CV-3034 (S.D. Cal. Nov. 7, 2025). Fed. R. Evid. 201. The judicial notice taken is that of the authenticity and existence of documents of public record and not for the truth of the facts found within those documents. *See Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

argument, the Government did not show and the Court could not have concluded that "temporary legal title" established "conclusive beneficial ownership." (*Consolidated Supp'l Memo* at 24–27.) In Defendant's view, the evidence she now submits demonstrates that the "2008 acquisition record does not show a simple purchase by [Scharringhausen] for his own beneficial account. It shows a purchase agreement naming '*R.M. Scharringhause or Assignee*,' a contemporaneous escrow statement that the quitclaim deed would '*vest title into the corporation after escrow closes*," Panama-side funding, a parallel Phoenix Forte trust-deed structure, and later third-party records identifying *IDC* and then [*Defendant*] as owner. (Ex. SD Assessor, SD tracing)." (*Id*. at 25 (emphasis in original).) Nowhere does Defendant establish that these facts could not have been presented to the Court at the time the Government filed its summary judgment motion. Defendant also argues that the Court's order "collapsed constructive notice into attachment" and that Scharringhausen lacked an interest in the property such that "he lacked beneficial/equitable interest" or "the federal lien had nothing to attach to." (*Id*.) At no point in her Consolidated Supplemental Brief does Defendant explain why any of these issues could not have been raised in opposition to the Government's motion for summary judgment or that her arguments render the Court's order clearly erroneous.

Next, Defendant argues that the "judgment lien / renewal architecture is invalid or, at minimum, not dispositive against" Defendant's later-acquired interest. (*Id*. at 27–28.) Although Defendant's argument on this ground is not perfectly clear, the Court understands her challenge to the sufficiency of the evidence raised by the Government, particularly the legal effect of the "renewed 0551 architecture" under California law requiring service and extensions of lien consequences against later transferees without notice. (*See id*.) The difficulty with all of these arguments by Defendant is her failure to explain how they could not have been raised at the time of the summary judgment motion, especially while she was represented by her second counsel of record, or why they demonstrate that the Court's order was clearly erroneous.

Defendant also challenges the specificity of the attachment and enforceability of the tax liens. Under 28 U.S.C. § 1964, she argues, "federal constructive notice in a real-property action depends on compliance with California's recording and indexing rules." Under those state rules, Defendant argues, if the Government's claimed 0978 notice does not appear in the parcel chain for APN 217-371-33-00, then the Court erred to treat the recorded tax liens as an adjudication of "attachment and enforceability." (*Id*. at 29.) Defendant also argues that disputes surrounding Freddie Mac's interest in the Property require limited discovery or record development before a judgment is entered that would support foreclosure. (*Id*. at 29–30.) With respect to both of these arguments, Defendant misunderstands the burden that she bore at the time she opposed the Government's motion for summary judgment. That was the procedural moment and time, as explained above, when she was required to either produce the evidence she now submits for reconsideration or to request discovery on a showing why additional discovery was necessary to oppose the motion.

Defendant does not show that the evidence now presented could not reasonably have been discovered earlier. Defendant does not identify an intervening change in controlling law. Defendant does not demonstrate any clear error or manifest injustice in the Summary Judgment Order or the Joinder Order. *See Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1255; *Mustafa*, 157 F.3d at 1178–79; *Navajo Nation v. Norris ("Norris")*, 331 F.3d 1041, 1046 (9th Cir. 2003). Here, as in *Norris*, Defendant's motions seek reconsideration of issues impacting property rights (or, here, the effect of tax liens on those rights), and the motions do "not meet any of the specified criteria" for reconsideration. *See* 331 F.3d at 1046.

For these reasons, Defendant's requests for reconsideration, or related relief grounded in Rule 59(e), are denied.

//

//

### 2. Rule 60(b) Motion for Relief from Judgment

Second, Defendant challenges the Summary Judgment Order pursuant to Federal Rule of Civil Procedure 60(b), which provides the grounds for relief from a final judgment, order, or proceeding.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263 (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Here, Defendant primarily seeks relief from the Summary Judgment Order (and the judgment resulting from that order) on grounds that the judgment is void, Fed. R. Civ. P. 60(b)(4), and under subsection (b)(6)'s catchall provision for "any other reason" justifying relief. Fed. R. Civ. P. 60(b)(4), (b)(6).

With respect to subsection (b)(4), a "judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (cleaned up); *FTC v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (failing to meet Rule 60(b)(4) requirements where movant neither established nor engaged the requisite due-process elements). This basis for relief from judgment "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271; *SEC v. Internet Sols. For Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Defendant argues that the Court has never addressed the substance of her arguments and view of the case. Although Defendant's arguments regarding due process are not entirely clear, the Court construes this argument as one challenging her due process rights to participate in this litigation. Defendant fails to meet her burden to demonstrate that her due process rights were violated or any other grounds for relief pursuant to Rule 60(b)(4).

Defendant also argues that the judgments in this case "should not stand where the record shows a materially impaired opportunity to be heard, blocked or distorted filing access, contradictory party-status administration, denied status-quo relief, unresolved joinder and party-completion issues, and a final clarification order that refused to confine Plaintiff to the record and theories actually adjudicated before judgment." (*Corrected Supp'l Exhibits to 175* at 2.) This quotation is one version of the many ways Defendant argues that if only this case had proceeded from the beginning according to her theory of the facts and the law, she would have prevailed or, at minimum, the Court could not have granted summary judgment in favor of Plaintiff. (*See Consolidated Supp'l Memo* at 34–39.) Defendant also complains of the limited scope of the Government's discovery, suggesting that the Government had an obligation to conduct discovery for Defendant. (*Corrected Supp'l Exhibits to 175* at 3, ll. 8–23.) Defendant seeks to vacate the judgments and relitigate the case with her organization governing the proceedings, including renewed discovery and the addition of new parties. *See also Schaedler-Moore v. United States*, No. 3:25-CV-3034 (S.D. Cal. Nov. 7, 2025).

A brief review of the due process that Defendant has enjoyed in this case includes that she was named as Defendant in her individual capacity and as Trustee of the Nancy Susan Schaedler Trust July 17, 2016, in the original complaint [Doc. 1]; she was represented by counsel who appeared in the case shortly after the filing of the complaint [Doc. 3]; she filed a counter-claim and cross-claim for quiet title, among other causes of action, which were ultimately denied [Doc. 6]; she filed a motion for judgment on the pleadings [Doc. 21]; she opposed the Government's Rule 12 motion [Doc. 27]; she

moved for withdrawal of her original counsel [Doc. 52]; she moved for leave to file documents electronically, and there attested her familiarity with and willingness to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual, agreed to accept notice and documents by e-mail only, and attested her ability to meet the technology requirements of e-filing [Doc. 59, 99]; she moved to stay the case so that the Court would appoint counsel to her and "third-party legal owners" [Doc. 60]; she filed motions for extension of time [Doc. 67, 164, 170, 177, 187, 195]; she retained subsequent counsel Brotman, who represented her opposition to the motion for summary judgment [Doc. 74] and the motion for judgment on the pleadings [Doc. 80]; she moved to proceed pro se [Doc. 82, 83]; and she filed all of her motions (and supporting supplemental memoranda) to alter or amend or vacate judgment and for other post-judgment relief [Doc. 91, 162, 175, 193]. This partial history of Defendant's filings and arguments confirms her access to the docket and the exercise of opportunities to be heard or to pursue or defend her case. Her arguments to the contrary lack merit.

With respect to subsection (b)(6) of Rule 60, Defendant seeks equitable relief from judgment, including a vacatur of judgment. Equitable relief under Rule 60(b)(6) requires a moving party to demonstrate that extraordinary circumstances "beyond its control prevented timely action to protect its interests." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1173 (9th Cir. 2002) (citation omitted) (concluding that negligence does not justify relief from default judgment). Defendant argues the Court did not permit amendment under Rule 15 to consider her arguments for joinder (of third parties related to her mortgages on the Property) pursuant to Rules 14, 20, and 21. *See* Fed. R. Civ. P. 14, 15, 20, 21. Defendant fails to demonstrate what extraordinary circumstances justify the requested relief. Defendant's disagreement with the orders and judgment of the Court is not sufficient to meet the standard of Rule 60(b)(6). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1340–41 (9th Cir. 1981) (concluding that Rule 60(b)(6) applies to consent and default judgments). "The provisions of rule 60(b)(6) were not intended to benefit the unsuccessful litigant who long after the time during which an

appeal from a final judgment could have been perfected first seeks to express his dissatisfaction." *Id*. at 1341 (quoting *Morse-Starrett Prods. Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953)). "[R]ule 60(b)(6) is not a substitute for an appeal." *Id*. (quoting *Morse-Starrett Prods*., 205 F.2d at 249). Defendant's currently pending appeal before the U.S. Court of Appeals for the Ninth Circuit is the avenue by which her arguments (1) challenging the timing and legal effect of the NFTLs filed in the San Diego County Recorder's office and (2) challenging the notice and due process afforded her during the litigation and judgment of this case may yet be reviewed for error.

To the extent that Defendant moves to set aside or vacate the Court's default judgment entered against Defendant 2021 Inc. or to join a non-party pursuant to Rule 60(b), the Court declines to do so at this late stage in the proceedings in the absence of any showing of extraordinary circumstances and in the absence of any showing that Defendant could not have raised the issues she raises now at an appropriate time earlier in the proceedings. Defendant has failed to show extraordinary circumstances sufficient to support the equitable relief permitted by Rule 60(b).

**3. Rule 62(b) Motion for Stay of Proceedings to Enforce Judgment**

Third, Defendant moves for relief from the judgment pursuant to Federal Rule of Civil Procedure 62(b), which provides for a stay of proceedings by a bond or other security in order to enforce a judgment. Fed. R. Civ. P. 62. "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id*. at 62(b). The decision whether to grant a stay is within the discretion of the Court. *U.S. for Use and Benefit of Larkin v. Platt Contracting Co.*, 324 F.2d 95, 97 (1st Cir. 1963).

Defendant seeks a stay of enforcement of the Clerk's Judgment permitting foreclosure not for delay but for "preservation of her primary residence, equity, and ability to obtain meaningful review while the Court determines whether a foreclosure

judgment entered on a disputed and procedurally distorted record can stand at all." (*Corrected Supp'l Exhibits to 175* at 6.) Defendant argues that Rule 62 relief was repeatedly denied while enforcement pressure continued. (*Id.*) The Government responds that the "posture of enforcement has not changed since the Court denied Ms. Schaedler-Moore's last motion for stay relief. [Doc. 154.]" (*Oppo. to Joinder Reconsid.* [Doc. 174] at 6.)

To the extent that Defendant requested a stay of foreclosure "pending final resolution of the Rule 59(e) and Rule 60(b) motions," (*id.*), her request for stay is moot upon the entry of this order disposing of those motions. To the extent Defendant seeks a stay of enforcement beyond this order, Defendant has not offered a bond for that purpose. While the Court may order a stay pending appeal in the absence of a bond, Defendant does not argue that she cannot obtain a bond, that one is not appropriate, or alternative forms of a bond exist that would be appropriate. *See* Fed. R. Civ. P. 62; *see Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (citations omitted). Defendant has not requested or demonstrated that a stay in absence of a bond is appropriate or warranted here. *See Boyce*, 148 F. Supp. 2d at 1096.

For these reasons, the Court denies the Rule 62 motion for stay.

## III. CONCLUSION

The Court reiterates for the benefit of a pro se party that her arguments have been heard and considered under controlling law and within the entire record of this case and related cases. Fundamentally, Defendant argues that the Court has never permitted her a full and meaningful opportunity to be heard and that, if it did so now, she would demonstrate (with evidence that was available at the time of the earlier Court orders) the Property is unaffected by Scharringhausen's tax liens, such that the judgment and foreclosure should be vacated or set aside. Even if this were the legal standard for post-judgment review, and it is not, Defendant's view of her case ignores the legal effect of the recorded NFTLs on the Property. The Court must deny Defendant's motions because

she failed to show that her arguments rise to the level required for the extraordinary relief under Rules 59, 60, and 62.

Nothing in the Court's consideration of Defendant's motions discounts the hardship of foreclosure on a resident living at the impacted property or minimizes the stressors on Defendant, a pro se litigant in such a case. "A forced sale would not be a temporary inconvenience; it would be catastrophic and irreparable." (*Def. Decl*. [Doc. 175-2] ¶ 6.) After a review of the filings and the evidence submitted by Defendant, the Court concludes that neither the extraordinary and sparingly-used remedy of reconsideration nor the other requested post-judgment relief is warranted here. Accordingly, the Court **ORDERS** the post-judgment motions [Docs. 91, 175, 162] are **DENIED**. Defendant's appeal of this Court's judgment remains pending.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Hon. Thomas J. Whelan
United States District Judge